The Honorable Cheryl Strickland Clerk of Circuit Court St. Johns County Post Office Drawer 300 St. Augustine, Florida 32085
Dear Ms. Strickland:
As Clerk of the Court for St. Johns County you have asked for my opinion on substantially the following questions:
1. May St. Johns County purchase motor vehicles for use by the Office of the State Attorney in that county as "transportation services" within the scope of section 27.34(2), Florida Statutes?
2. Assuming the county is authorized to purchase motor vehicles for use by the State Attorney's Office, may St. Johns County pay for such vehicles from the court costs fund established by section938.05, Florida Statutes?
In sum:
1. St. Johns County is authorized to provide vehicles for official use by employees of the State Attorney's Office as "transportation services" within the scope of section 27.34(2), Florida Statutes.
2. In light of the answer to Question One, St. Johns County is authorized by section 938.05(3), Florida Statutes, to use Local Government Criminal Justice Trust Fund moneys to pay for such vehicles.
According to your letter, several counties within the Seventh Judicial Circuit are providing the Office of the State Attorney with new vehicles for official use by employees working within each respective county. The vehicles are utilized by investigators, victim advocates and supervisory personnel. You state that experience shows newer vehicles are more cost-effective than mileage reimbursement, and the use of newer vehicles keeps maintenance costs low.
The Board of County Commissioners of St. Johns County is interested in providing vehicles for the official use of personnel of the State Attorney's Office working within St. Johns County. These vehicles are not included within the general appropriations budget of the State Attorney and will be utilized as a more cost-effective approach to providing "transportation services" as authorized by section 27.34(2), Florida Statutes.
Question One
Section 27.34(2), Florida Statutes, provides, in part, that:
"The state attorneys shall be provided by the counties within their judicial circuits with such office space, utilities, telephone service, custodial services, library services,transportation services, and communication services as may be necessary for the proper and efficient functioning of these offices, except as otherwise provided in the General Appropriations Act." (e.s.)
The phrase "[t]ransportation services" is defined for purposes of Chapter 27, Florida Statutes, to include
"the cost of operating any vehicle, aircraft, or watercraft, including gasoline, oil, and maintenance costs, any witness travel expenses, and any witness services."[1]
This list is not exclusive. Rather, the definition is merely illustrative of the types of expenses included within the scope of "transportation services."[2]
This office has consistently interpreted the language of section27.34(2), Florida Statutes, to require that transportation services provided for the common use of county governmental units be made available to each state attorney "as may be necessary for the proper and efficient functioning of these offices."[3]
Examples of common county services in which state attorneys are entitled to participate include such things as law libraries, telephone services, and custodial services.[4] Similarly, if a county provides a common parking lot for the official vehicles of county governmental units or parking spaces in a county-owned or private parking facility adjacent to county buildings for such official vehicles, employees of the state attorney's office should be allowed to park their official vehicles there also.[5] Exactly what transportation services are provided for common use by county governmental units, and thus are now available for use by the state attorney's office, must be determined on a county-by-county basis, because such services vary depending upon each county's particular circumstances.
You have advised this office that the vehicles the county anticipates purchasing for the State Attorney's Office would be used by personnel of that office to carry out their official duties within the county. These vehicles appear to be necessary to the functioning of the state attorney's office, and directly benefit the public rather than personally benefiting particular employees.
Therefore, I am of the opinion that St. Johns County may provide vehicles for official use by employees of the State Attorney's Office as "transportation services" pursuant to section 27.34(2), Florida Statutes.
Question Two
You also ask whether, assuming the county is authorized to provide these vehicles, St. Johns County may use or reimburse the cost from revenues provided by section 938.05(1), Florida Statutes, the Local Government Criminal Justice Trust Fund.
Section 27.3455(1), Florida Statutes, requires each county to submit an annual statement of revenues and expenditures to the Comptroller and the Auditor General, identifying total county expenditures on:
"(a) Medical examiner services.
(b) County victim witness programs.
(c) Each of the services outlined in ss. 27.34(2) and 27.54(3).
(d) Appellate filing fees in criminal cases in which an indigent defendant appeals a judgment of a county or circuit court to a district court of appeal or the Florida Supreme Court.
(e) Other court-related costs of the state attorney and public defender that were paid by the county where such costs were included in a judgment or order rendered by the trial court against the county.
Such statement also shall identify the revenues provided by s.938.05(1) that were used to meet or reimburse the county for suchexpenditures." (e.s.)
This section clearly contemplates the county's use of, or reimbursement from, Local Government Criminal Justice Trust Funds for expenditures for those services set forth in section 27.34(2), Florida Statutes. As discussed above, those expenditures include "transportation services."
Section 938.05, Florida Statutes, establishes the Local Government Criminal Justice Trust Fund and requires the payment of an additional cost in certain cases to be paid into the trust fund. The statutory schedule is an additional $200 for a felony, $50 for a misdemeanor, and $50 for a criminal traffic offense.[6]
Subsection (3), provides in part that:
"The clerk of the court shall collect such additional costs and shall notify the agency supervising a person upon whom costs have been imposed upon full payment of fees. The clerk shall deposit all but $3 for each misdemeanor or criminal traffic case and all but $5 for each felony case in a special trust fund of the county.Such funds shall be used exclusively for those purposes set forthin s. 27.3455(3). The clerk shall retain $3 for each misdemeanor or criminal traffic case and $5 for each felony case of each scheduled amount collected as a service charge of the clerk's office." (e.s.)
As one of the types of services included in section 27.34(2), Florida Statutes, and specifically referred to in section 27.3455(1)(c), Florida Statutes, "transportation services" would fall within the scope of those services for which these trust funds may be used.
Therefore, it is my opinion that St. Johns County may use Local Government Criminal Justice Trust Fund moneys to provide vehicles for the employees of the State Attorney's Office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 27.005(11), Fla. Stat.
[2] See, s. 27.005, Fla. Stat., stating that "[a]s used in parts II and III of this chapter, the following definitions include, but are not limited to. . . ."
[3] See, Ops. Att'y Gen. Fla. 73-458 (1973), 74-74 (1974), 76-71 (1976), 86-85 (1986), and 92-84 (1992).
[4] Attorney General's Opinion 73-458 (1973).
[5] See, Op. Att'y Gen. Fla. 74-74 (1974).
[6] Section 938.05(1)(a)-(c), Fla. Stat.